IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

      Plaintiff,          No. CIV S-09-0480 FCD EFB

    vs.

VONZIEL HARRISON,
d/b/a VONZIE AUTO SALES,    <u>ORDER</u>

      Defendant.
_____/

  This matter was before the court on July 22, 2009, for hearing on plaintiff's motion for default judgment. Plaintiff Scott Johnson, an attorney, appeared and represented himself; attorney Robert Lorbeer appeared on behalf of defendant.

  The motion was filed on June 12, 2009. Dckt. No. 9. Defendant thereafter filed an opposition, construed by the court as a motion to set aside default, and an answer to the complaint. Dckt. Nos. 11, 10. In response, plaintiff filed a written withdrawal of his motion and requested that the Clerk's Entry of Default be set aside. Dckt. No. 12. That withdrawal was confirmed at the hearing. Furthermore, the factors under Federal Rule of Civil Procedure, 55(c) for setting aside a clerk's entry of default are satisfied here. The rule provides that a default may be set aside for "good cause," which may be demonstrated by: (1) a sufficient excuse for not meeting the filing deadline; (2) a meritorious defense; or (3) lack of undue prejudice to the other

1

party. *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969); *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986); *see also Tri-Continental Leasing Corp. v. Zimmerman*, 485 F. Supp. 495, 497 (N. D. Cal. 1980). "[T]hese factors are disjunctive," and the court may vacate entry of default "if any of the three factors is true." *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc*., 375 F.3d 922, 926 (9th Cir. 2004) (quoting *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)) (internal quotations omitted).

All three factors are met under these circumstances. The complaint seeks, *inter alia*, injunctive relief requiring defendant to create a properly configured van-accessible disabled parking space with an accessible route to the main entrance of his business, in accordance with the Americans with Disabilities Act. However, defendant states that his "real estate footprint for the business is very small and there is *no* public parking at the business. All customers must park on the street to have access to the business [and] . . . there is no parking for anyone . . . ." Def.'s Opp'n, at ¶ 8 (emphasis added). Thus, states defendant, he did not respond to the complaint, despite a meritorious defense, because he did not take seriously plaintiff's further assertion in the complaint that he had been to defendant's business and unable to access the "parking lot." Based on these representations, the court finds that the first two factors in support of setting aside the default – sufficient excuse for failing to file an answer and a facially meritorious defense – have been met. The court further finds – as demonstrated by plaintiff's request that his motion for default judgment be withdrawn and that the Clerk's Entry of Default be set aside – that the third factor is also met, and there would be no prejudice to plaintiff to set aside the Clerk's Entry of Default.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's request to set aside the Clerk's Entry of Default (so construing defendant's "Opposition"), Dckt. No. 11, and plaintiff's request to vacate the Clerk's Entry of Default, Dckt. No. 12, are granted;

2. The Clerk of Court is directed to vacate its May 5, 2009 Entry of Default, Dckt. No. 8.

3. The parties shall file a Joint Status Report within 30 days of the filing date of this order, consistent with the district judge's "Order Requiring Joint Status Report," filed February 19, 2009, Dckt. No. 4.

DATED: July 24, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3